FILED

2013 OCT -2 PM 1:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY ________

Vladi Khiterer (Bar No. 177007)
E mail: vladi@kpusalaw.com
Khiterer & Park, Inc.
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
(949) 631-6161
(949) 650-1703 Fax

Attorneys for plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALTINEX, INC., Plaintiff, vs. ALIBABA.COM HONG KONG LIMITED and DOES 1 through 10, inclusive. Defendants. | Case No. **SACV 13-01545 JVS (RNBx)**<br>Complaint<br>Patent Infringement<br>Trademark Infringement<br>Unfair Competition<br>Demand for a Jury Trial |

Plaintiff, Altinex, Inc., alleges:

**THE PARTIES**

1. Plaintiff Altinex, Inc. ("Altinex") does not know the true names of defendants DOES 1 through 10, inclusive. Therefore, Altinex sued said defendants by such fictitious names. Defendants DOES 1 through 10, inclusive, engaged in the patent and trademark infringement and unfair competition together with defendant Alibaba.com Honk Kong Limited, as described in this complaint. Altinex will amend

its complaint when true names of defendants DOES 1 through 10, inclusive, are ascertained.

2. Altinex is a California corporation with a principal place of business in Brea, California. Altinex is a manufacturer of electronic equipment used in professional audio visual presentation systems.

3. Altinex has pioneered a line of products that tilt up from a table top and reveal a number of connectors for audio visual equipment. When not in use, these products tilt down and remain flash with the table top. Altinex manufactures these products at its Brea, California, facility and sells them under the registered trademarks "ALTINEX" and "TILT 'N PLUG". Altinex owns a number of patents protecting its TILT 'N PLUG products.

4. ALIBABA.COM HONG KONG LIMITED ("Alibaba") is a Hong Kong corporation.

**JURISDICTION AND VENUE**

5. This is an action for patent and trademark infringement, 35 U.S.C. §§ 271, 281 and 1114.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

7. This Court has personal jurisdiction because Alibaba maintains, on an ongoing basis, numerous and substantial contacts with the State of California such that Alibaba has purposefully availed itself of the privilege of conducting activities within California and invoked the benefits and protections of California laws. These contacts include and are not limited to maintaining a principal place of business for Alibaba.com, Inc., a corporation wholly owned by Alibaba, in the State of California, initiating lawsuits in the State of California, maintaining commercial relationships with thousands of individuals and entities in the State of California, including those known as the "Gold Suppliers" who pay Alibaba membership fees.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because defendants are committing patent and trademark infringement in this district.

**WWW.ALIBABA.COM AND WWW.ALIEXPRESS.COM WEBSITES**

9. Alibaba owns the www.alibaba.com and www.aliexpress.com websites. These websites offer a variety of products that visitors to the websites can locate and purchase.

10. The www.alibaba.com website has a search window where visitors can type in a description of a product they desire to purchase, causing the www.alibaba.com website to display the photographs of the products, as well as the description, prices, minimum order and other information. There is also provided a link "place order". Clicking on the "place order" link allows the visitor of the www.alibaba.com website to purchase the product by selecting the quantity of the product, shipping method and payment method. There is also provided a link to the www.aliexpress.com website with the products found on the www.alibaba.com, as well as similar products, pre-loaded in the www.aliexpress.com website.

11. The www.aliexpress.com website has the look, feel and function very much similar to that of the www.amazon.com website. It has the "BUY NOW", "ADD TO CART", "ADD TO WISH LIST" buttons, as well as windows for selecting quantity and shipping methods. The www.aliexpress.com even offers to apply coupons to purchases. In just a few clicks, a visitor to the www.aliexpress.com website can locate and purchase the products found by entering search terms in the provided window, in desired quantities and with the selected shipping method. The www.aliexpress.com website also provides several payment methods.

12. Through its www.aliexpress.com website, Alibaba is offering the products for sale, selling the products and receiving payments for the purchased

products. Because of how the www.aliexpress.com website is designed, persons shopping at the www.aliexpress.com have no doubt that it is in fact Alibaba who is offering the products for sale, selling the products and receiving payments for the purchased products.

## COUNT 1, PATENT INFRINGEMENT

13. Altinex incorporates by reference paragraphs 1 – 12.

14. Altinex owns the United States Patent No. 6,802,577 entitled "Enclosure System for Electronic Equipment Concealable in a Table Top", issued on October 12, 2004 (the "'577 patent").

15. By way of its websites www.alibaba.com and www.aliexpress.com, Alibaba offers to sell, sells and imports into the U.S.A. products that infringe one or more claims of the '577 patent.

16. Alibaba's infringing activities have caused and will cause damages to Altinex.

17. Alibaba's infringing activities have caused and will cause irreparable harm to Altinex unless enjoined by this Court.

18. Alibaba has known, at all times, that the accused products infringe the '577 patent because, among other things, the products that Alibaba offers for sale and sells are counterfeit "one to one copies" of Altinex' products based on the '577 patent. Alibaba's infringement has been and continues to be willful and deliberate and will continue unless enjoined by this Court, making this an exceptional case and entitling Altinex to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 2, PATENT INFRINGEMENT

19. Altinex incorporates by reference paragraphs 1 – 12.

20. Altinex owns the United States Patent No. D556,139 entitled "Interconnect Enclosure for Computer and Audio Visual Equipment Concealable in a Table Top", issued on November 27, 2007 (the "'139 patent").

21. By way of its websites www.alibaba.com and www.aliexpress.com, Alibaba offers to sell, sells and imports into the U.S.A. products that infringe one or more claims of the '139 patent.

22. Alibaba's infringing activities have caused and will cause damages to Altinex.

23. Alibaba's infringing activities have caused and will cause irreparable harm to Altinex unless enjoined by this Court.

24. Alibaba has known, at all times, that the accused products infringe the '139 patent because, among other things, the products that Alibaba offers for sale and sells are counterfeit "one to one copies" of Altinex' products based on the '139 patent. Alibaba's infringement has been and continues to be willful and deliberate and will continue unless enjoined by this Court, making this an exceptional case and entitling Altinex to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 3, PATENT INFRINGEMENT

25. Altinex incorporates by reference paragraphs 1 – 12.

26. Altinex owns the United States Patent No. D437,827 entitled "Concealable Table-Top Interconnect Box for Computer and Audio Visual Equipment", issued on February 20, 2001 (the "'827 patent").

27. By way of its websites www.alibaba.com and www.aliexpress.com, Alibaba offers to sell, sells and imports into the U.S.A. products that infringe one or more claims of the '827 patent.

28. Alibaba's infringing activities have caused and will cause damages to Altinex.

29. Alibaba's infringing activities have caused and will cause irreparable harm to Altinex unless enjoined by this Court.

30. Alibaba has known, at all times, that the accused products infringe the '827 patent because, among other things, the products that Alibaba offers for sale and sells are counterfeit "one to one copies" of Altinex' products based on the '827 patent. Alibaba's infringement has been and continues to be willful and deliberate and will continue unless enjoined by this Court, making this an exceptional case and entitling Altinex to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT 4, PATENT INFRINGEMENT**

31. Altinex incorporates by reference paragraphs 1 – 12.

32. Altinex owns the United States Patent No. D457,137 entitled "Interconnect Enclosure for Computer and Audio Visual Equipment Concealable in Furniture with Circular Base Plate", issued on May 14, 2002 (the "'137 patent").

33. By way of its websites www.alibaba.com and www.aliexpress.com, Alibaba offers to sell, sells and imports into the U.S.A. products that infringe one or more claims of the '137 patent.

34. Alibaba's infringing activities have caused and will cause damages to Altinex.

35. Alibaba's infringing activities have caused and will cause irreparable harm to Altinex unless enjoined by this Court.

36. Alibaba has known, at all times, that the accused products infringe the '137 patent because, among other things, the products that Alibaba offers for sale and sells are counterfeit "one to one copies" of Altinex' products based on the '137 patent. Alibaba's infringement has been and continues to be willful and deliberate and will continue unless enjoined by this Court, making this an exceptional case and

entitling Altinex to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT 5, PATENT INFRINGEMENT**

37. Altinex incorporates by reference paragraphs 1 – 12.

38. Altinex owns the United States Patent No. D466,868 entitled "Double Opposite Facing Interconnect Enclosure for Computer and Audio Visual Equipment Concealable in Furniture", issued on December 10, 2002 (the "'868 patent").

39. By way of its websites www.alibaba.com and www.aliexpress.com, Alibaba offers to sell, sells and imports into the U.S.A. products that infringe one or more claims of the '868 patent.

40. Alibaba's infringing activities have caused and will cause damages to Altinex.

41. Alibaba's infringing activities have caused and will cause irreparable harm to Altinex unless enjoined by this Court.

42. Alibaba has known, at all times, that the accused products infringe the '868 patent because, among other things, the products that Alibaba offers for sale and sells are counterfeit "one to one copies" of Altinex' products based on the '868 patent. Alibaba's infringement has been and continues to be willful and deliberate and will continue unless enjoined by this Court, making this an exceptional case and entitling Altinex to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT 6, PATENT INFRINGEMENT**

43. Altinex incorporates by reference paragraphs 1 – 12.

44. Altinex owns the United States Patent No. D455,716 entitled "Double Interconnect Enclosure for Computer and Audio Visual Equipment Concealable in Furniture", issued on April 16, 2002 (the "'716 patent").

45. By way of its websites www.alibaba.com and www.aliexpress.com, Alibaba offers to sell, sells and imports into the U.S.A. products that infringe one or more claims of the '716 patent.

46. Alibaba's infringing activities have caused and will cause damages to Altinex.

47. Alibaba's infringing activities have caused and will cause irreparable harm to Altinex unless enjoined by this Court.

48. Alibaba has known, at all times, that the accused products infringe the '716 patent because, among other things, the products that Alibaba offers for sale and sells are counterfeit "one to one copies" of Altinex' products based on the '716 patent. Alibaba's infringement has been and continues to be willful and deliberate and will continue unless enjoined by this Court, making this an exceptional case and entitling Altinex to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT 7, TRADEMARK INFRINGEMENT**

49. Altinex incorporates by reference paragraphs 1 – 48.

50. Altinex owns a trademark "ALTINEX", Reg. No. 2252463 for "electronic equipment, namely, distribution amplifiers, interfaces, switches, matrix switchers, transcoders, scan converters, controllers, sync processors, cables" in the International Class 009.

51. Alibaba, by way of its websites www.alibaba.com and www.aliexpress.com, offers to sell and sells counterfeit Altinex interfaces and permits the mark "ALTINEX" to be prominently displayed next to the counterfeit Altinex products offered for sale and sold, as though they were genuine Altinex products. Alibaba also permits visitors to its websites www.alibaba.com and www.aliexpress.com to locate and purchase counterfeit Altinex products by using the search term "ALTINEX".

52. Alibaba's conduct is likely to cause confusion with respect to the source and origin of the counterfeit Altinex products it offers for sale and sells and constitutes trademark infringement in violation of 15 U.S.C. § 1114.

53. Alibaba's infringing activities have caused and will cause damages to Altinex.

54. Alibaba's infringing activities have caused and will cause irreparable harm to Altinex unless enjoined by this Court.

55. Alibaba has known, at all times, that the products that Alibaba offers for sale and sells are counterfeit Altinex products and that its activities constitute trademark infringement. Alibaba's infringement has been and continues to be willful and deliberate and will continue unless enjoined by this Court, making this an exceptional case and entitling Altinex to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §1117.

**COUNT 8, TRADEMARK INFRINGEMENT**

56. Altinex incorporates by reference paragraphs 1 – 48.

57. Altinex owns a trademark "TILT'N PLUG", Reg. No. 2462566 for "electrical interconnect boxes for use in an audio-video presentation system, namely, an assembly of outlets for connecting audio, video and computer video equipment"" in the International Class 009.

58. Alibaba, by way of its websites www.alibaba.com and www.aliexpress.com, offers to sell and sells counterfeit Altinex electrical interconnect boxes and permits the mark "TILT'N PLUG" to be prominently displayed next to the counterfeit Altinex products offered for sale and sold, as though they were genuine Altinex products. Alibaba also permits visitors to its websites www.alibaba.com and www.aliexpress.com to locate and purchase counterfeit Altinex products by using the search term "TILT'N PLUG".

59. Alibaba's conduct is likely to cause confusion with respect to the source and origin of the counterfeit Altinex products it offers for sale and sells and constitutes trademark infringement in violation of 15 U.S.C. § 1114.

60. Alibaba's infringing activities have caused and will cause damages to Altinex.

61. Alibaba's infringing activities have caused and will cause irreparable harm to Altinex unless enjoined by this Court.

62. Alibaba has known, at all times, that the products that Alibaba offers for sale and sells are counterfeit Altinex products and that its activities constitute trademark infringement. Alibaba's infringement has been and continues to be willful and deliberate and will continue unless enjoined by this Court, making this an exceptional case and entitling Altinex to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §1117.

**COUNT 9, UNFAIR COMPETITION**

63. Altinex incorporates by reference paragraphs 1 – 62.

64. Section 17200 et seq. of California *Business and Professions Code* (the "UCL") prohibits acts of "unfair competition", including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising". Alibaba has violated Section 17200 et seq. of California *Business and Professions Code* as alleged below.

**Unlawful Business Act or Practice**

65. Alibaba has infringed on Altinex' patents and trademarks, as alleged in this complaint.

**Unfair Business Act or Practice**

66. Alibaba charges substantially less for the counterfeit Altinex products it sells than the genuine Altinex products. As such, Alibaba diverts sales away from Altinex.

67. As such, the injury to Altinex is substantial and it is not outweighed by any countervailing benefits to Altinex, and is not an injury that Altinex itself could reasonably have avoided.

68. Further, Alibaba's actions described above are unethical, oppressive, unscrupulous and substantially injurious to Altinex.

69. Therefore, Alibaba's actions are unfair within the meaning of the UCL.

**Deceptive Advertising**

70. Alibaba advertises counterfeit Altinex products as though there were genuine Altinex products.

71. Altinex is entitled to an injunction against Alibaba in the form of an order prohibiting Alibaba from continuing the acts violating the UCL described above.

72. Altinex is entitled to restitution of the ill-gotten gains received by Alibaba through the acts violating the UCL.

WHEREFORE, plaintiff Altinex, Inc. requests judgment against defendants as follows:

1. That defendants have infringed the United States Patents Nos. 6,802,577, D556,139, D437,827, D437,827, D466,868, D455,716 and Trademarks Reg. Nos. 2252463 and 2462566;

2. An award against defendants for the damages suffered by plaintiff as a result of defendants' acts of infringement and unfair competition, including restitution and disgorgement of defendants' ill-gotten profits, with prejudgment interest thereon;

3. An order compelling an accounting to determine defendants' profits and damages or royalties owed to plaintiff, including prejudgment interest, and that

such royalties and damages be increased threefold and awarded to plaintiff with interest as enhanced damages;

4. A preliminary and permanent injunction preventing defendants, their agents, servants, employees and all other persons and entities acting in concert or in participation with defendants from infringing the United States Patent Nos. 6,802,577, D556,139, D437,827, D437,827, D466,868, D455,716 and Trademarks Reg. Nos. 2252463 and 2462566;

5. An award of plaintiff's attorneys' fees, costs and expenses;

6. Such other relief that the Court deems just and proper.

DATED: October 2, 2013

Khiterer & Park, Inc.

Vladi Khiterer

Vladi Khiterer
Attorneys for plaintiff Altinex, Inc.

**DEMAND FOR A JURY TRIAL**

Plaintiff Altinex, Inc. demands a jury trial on all issues.

DATED: October 2, 2013

Khiterer & Park, Inc.

Vladi Khiterer
Attorneys for plaintiff Altinex, Inc.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
ALTINEX, INC.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ALIBABA.COM HONG KONG LIMITED

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Khiterer & Park, Inc.
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
(949) 631-6161

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent and trademark infringement, 35 U.S.C. §§ 271, 281 and 1114

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL PROPERTY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpratice
- ☐ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accomodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **SACV 13-01545 JVS (RNBx)**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] NO [ ] YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ ] NO [X] YES

If yes, list case number(s): CV-01171-GLT-MLG; CV-10-3111 GHK (PLAx); SACV-12-1068 JST (JPRx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[X] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: October 2, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge James V. Selna and the assigned Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV 13-01545 JVS (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 2, 2013
Date

By A. Gonzalez
Deputy Clerk

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☒ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**